IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALTON EARL INGRAM, JR., M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-01565 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 31) and 16 Objections filed by Plaintiff (Docket No. 35).[1] The Magistrate Judge recommends that Defendants' Motion to Dismiss (Doc. No. 17) be granted.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the portions of the Report and Recommendation to which Plaintiff objects, the Objections, and the file. For the reasons stated herein, the Objections of the Plaintiff (except Objection 16) are

---

[1] Defendant filed no response to Plaintiff's Objections.

overruled, and the Report and Recommendation is adopted and approved in part, modified in part, and taken under advisement in part, as set forth below.

## BACKGROUND[2]

This years-long dispute began when Plaintiff Ingram, who is a citizen of California, was suspended from the practice of medicine by the State of Florida in 2003. In October 2006, the Tennessee Board of Medical Examiners ("the Board"), after finding out about the Florida suspension, suspended Plaintiff's Tennessee medical license for three years. This lawsuit is a result of Plaintiff's attempts to lift the suspension of his Tennessee medical license and the Board's alleged actions, inactions and decisions concerning that license. In May of 2018, after Board hearings and state court appeals, the Board lifted the suspension of Plaintiff's license, and Plaintiff has held an unrestricted Tennessee medical license since then.

The Magistrate Judge identified the following remaining claims[3] of Plaintiff's Complaint as: (1) a constitutional claim for damages for violation of due process against Defendants Huddleston, Zanolli, Arnold, Ali, and Saunders in their individual capacities; (2) a constitutional claim for damages against Defendants Huddleston, Zanolli, Arnold, Ali, and Saunders in their individual capacities for depriving Plaintiff of his property interest in his medical license without due process; (3) state law fraud claims for damages against Defendants Arnold, Saunders and Huddleston; (4) a state law libel claim for damages against Defendants Huddleston and Zanolli;

---

[2] The Court takes these facts from Plaintiff's Complaint, the Davidson County Chancery Court Orders, and the Report and Recommendation, to the extent Plaintiff has not objected to those facts.

[3] By Order dated February 6, 2018, several of Plaintiff's claims were dismissed. (Doc. No. 6).

(5) a state law civil conspiracy claim against Defendants Huddleston and Zanolli; and (6) a request for declaratory relief against Defendants Huddleston, Arnold, and Saunders. (Doc. No. 31 at 10).[4]

The Magistrate Judge opined that Plaintiff's claims for declaratory relief implicate *Younger*[5] abstention concerns such that this Court's abstention is appropriate and recommended dismissal of the claims for declaratory relief without prejudice for lack of jurisdiction.[6] She also opined that Tennessee law provided Plaintiff with an adequate, post-deprivation remedy (procedures under the Tennessee Uniform Administrative Procedures Act and appeals through the state court system) for the alleged denial of procedural due process and, therefore, Plaintiff failed to state a claim for denial of procedural due process in his First Cause of Action. The Magistrate Judge interpreted Plaintiff's due process claim in his Second Cause of Action as a substantive due process claim and opined that that claim is time-barred. Accordingly, she recommended that both the substantive due process and the procedural due process claims be dismissed for failure to state claims. Finally, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. No. 31).

## TENNESSEE UNIFORM ADMINISTRATIVE PROCEDURES ACT

Plaintiff's Board proceedings and appeals to the Chancery Court were governed by the Tennessee Uniform Administrative Procedures Act ("TUAPA"). TUAPA provides that a person aggrieved by a final decision in an administrative contested case is entitled to judicial review,

---

[4] Defendants Zanolli and Ali are former Board members; Defendant Arnold was Medical Director for the Board for a period of time until he retired in 2014; Defendant Huddleston is the Board's former counsel; and Defendant Saunders is a former Board staff member.

[5] *Younger v. Harris*, 401 U.S. 37 (1971).

[6] Plaintiff's claims for declaratory relief ask the Court to declare that Defendants Saunders and Huddleston committed perjury at the December 2016 Board meeting. (Doc. No. 1 at 138-42).

which shall be the only available method of judicial review. Tenn. Code Ann. § 4-5-322(a)(1). Proceedings for judicial review of an administrative decision are instituted by filing a petition for review in chancery court. Tenn. Code Ann. § 4-5-322(b)(1)(A)(i). The review shall be conducted by the court without a jury and shall be confined to the record, except in cases of alleged irregularities in procedure before the agency not shown in the record, proof thereon may be taken. Tenn. Code Ann. § 4-5-322(g).

The reviewing court may reverse or modify the administrative decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are in violation of constitutional or statutory provisions, in excess of the statutory authority of the agency, made upon unlawful procedure, arbitrary or capricious, characterized by an abuse of discretion or clearly unwarranted exercise of discretion, or unsupported by evidence that is both substantial and material in light of the entire record. Tenn. Code Ann. § 4-5-322(h). In addition, TUAPA provides that an aggrieved party may obtain a review of any final judgment of the chancery court by appeal to the court of appeals of Tennessee. Tenn. Code Ann. § 4-5-323(a). The administrative record certified to the chancery court and the record in the chancery court shall constitute the record in an appeal. Any evidence taken in court pursuant to § 4-5-322(g) shall also become a part of the record. Tenn. Code Ann. 4-5-323(b).

## SPECIFIC OBJECTIONS[7]

OBJECTION 1 – Plaintiff objects to the Magistrate Judge's stating that the state proceedings in the Davidson County Chancery Court ("Chancery Court") offered Plaintiff an

---

[7] Although Plaintiff has objected only to specific language of the Report and Recommendation, the Court must provide context and legal support beyond that challenged specific language in order to rule on each objection.

adequate opportunity to raise his constitutional claims.[8] (Doc. No. 31 at 18). Plaintiff asserts that the authority upon which the Magistrate Judge relied, *Watts v. Burkhart*, 854 F. 2d 839 (6th Cir. 1988), was overturned by a later case (the appeal after remand of the same case), *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992). But the 1992 *Watts* case did *not* overturn the 1988 *Watts* case. The portion of the 1992 case that Plaintiff cites is in a dissenting opinion, not the majority opinion.

In any event, the proposition for which the Magistrate Judge cited the 1988 *Watts* opinion has been reiterated in cases involving administrative appeals since then. For example, in *Xcaliber Int'l, Ltd., LLC v. Gerregano*, 290 F. Supp. 3d 747 (M.D. Tenn. 2018), the court, citing *Watts*, held that the plaintiff had an adequate opportunity to raise its constitutional claims under TUAPA because TUAPA expressly contemplates that a petitioner will be afforded an opportunity to raise constitutional issues "concerning the manner in which the initial hearing before the Board was conducted." *Id.* at 754. Moreover, in *Patterson v. Gibbons*, No. 1:16-cv-170, 2017 WL 563986, at * 4 (E.D. Tenn. Feb. 10, 2017), the court noted that the chancery court, in reviewing an agency decision, may "reverse or modify" the administrative decision if it is in violation of constitutional or statutory provisions. *Id.* (citing Tenn. Code Ann. § 4-5-322(h)). Thus, said the court, the statute of review expressly contemplates that a petitioner will be afforded an opportunity to raise constitutional issues or statutory arguments. *Id.*

Plaintiff argues that because his final petition to the Chancery Court concerning the Board's decision was held to be moot, he was never given an opportunity to litigate the claims he has asserted in this Court. Plaintiff specifically alleged abuse of discretion, statutory violations, and

---

[8] The declaratory judgment claims for which the Magistrate Judge found abstention to be appropriate are claims against three defendants for alleged perjury at the December 2016 Board meeting. The Court assumes that Plaintiff alleges this perjury was in violation of statutory and constitutional provisions and, under Plaintiff's theory, constituted procedural irregularities in the state proceedings.

constitutional claims in appealing the Board's 2013 Order to the Chancery Court (*see* Docket No. 23-1 at 1). Plaintiff could and should (if he truly wished to pursue those claims) have appealed the Chancery Court Order declaring his Petition moot, because those claims went unaddressed by the Chancery Court and (unlike other aspects of his Petition) were not moot; however, Plaintiff did not file an appeal of that Order. Moreover, following the Board's lifting of Plaintiff's suspension, Plaintiff moved to amend his February 2017 Petition for Review (in the Chancery Court) to, among other things, complain about erroneous rulings and procedures at the Board's December 2016 hearing (at which he alleges these three defendants lied) (*see* Doc. No. 30-1 at 7). The Chancery Court denied that motion to amend, and Plaintiff could have appealed that Order to address his outstanding complaints, but he did not.

A party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack a trial court's judgment in federal court. *Alexander v. Morgan*, 353 F. Supp. 3d 622, 628 (W.D. Ky. 2018). Put simply, a "necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court." *Id*. (citing *New Orleans Public Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369 (1989)).

Plaintiff contends that the deference afforded agency decisions prevented the Chancery Court's consideration of his constitutional claims. To the contrary, as noted in *Patterson*, TUAPA provides that the reviewing court may reverse or modify an agency decision "if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of *constitutional* or statutory provisions." Tenn. Code Ann. § 4-5-322(h) (emphasis added). Moreover, Tennessee courts subject an agency's determination of

constitutional questions to *de novo* review. *Wilson v. Bredesen*, 113 F. App'x 70, 74 (6th Cir. 2004), cited in *729, Inc. v. Kenton Cty. Fiscal Court*, 515 F.3d 485, 501 (6th Cir. 2008). In addition, even though the judicial review provisions of TUAPA confine review to the record, they allow the court to take proof in circumstances in which alleged *procedural irregularities* (such as perjury) are not shown on the record. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 456 (Tenn. 1995) (citing Tenn. Code Ann. § 4-5-322(g)). That review could have come in the Chancery Court and been appealed through the state court system.

For these reasons, the state proceedings did provide an adequate opportunity for Plaintiff to raise his claims of procedural irregularities and constitutional violations, and Plaintiff's Objection 1 is overruled.

OBJECTION 2 – Plaintiff maintains that because the Chancery Court action is no longer pending, the *Younger* abstention doctrine relied upon by the Magistrate Judge does not apply because its first requirement[9] has not been satisfied. In determining whether state court proceedings involving Plaintiff are pending, for purposes of deciding whether *Younger* abstention applies, the Court must look to see if the Chancery Court proceeding was pending at the time this action was filed on December 14, 2017. (Doc. No. 1). *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003), cited in *Hill v. Snyder*, 878 F.3d 193, 207 (6th Cir. 2017). The final Chancery Court Order dismissing Plaintiff's petition was entered on September 17, 2018 (Doc. No. 30-1), nine

---

[9] The Supreme Court has named three requirements that must be met for a court to abstain based upon *Younger*: (1) there must be ongoing or pending state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n,* 498 F.3d 328, 225 (6th Cir. 2007); *Jones v. Westbrooks,* No. 3:16-cv-02631, 2018 WL 3389730, at * 2 (M.D. Tenn. July 11, 2018). Plaintiff contests that elements 1 and 3 are present here.

months *after* Plaintiff filed this action.[10] At the time this action was filed (December 14, 2017), Plaintiff's state court proceeding was "pending."

Plaintiff's Objection 2 is overruled.

OBJECTION 3 – Plaintiff asserts that he could not have appealed the final Chancery Court Order because (according to Plaintiff) the claims (and apparently he means *all* claims) had been rendered moot. This argument is not persuasive for the reasons stated in the Court's response to Objection 1. Under the TUAPA, Plaintiff could have appealed the final Chancery Court Order, as it related to his constitutional claims, on the grounds that (contrary to the final Chancery Court order) they had not been rendered moot. Accordingly, Objection 3 is overruled.

OBJECTION 4 – Plaintiff's Objection 4 is the same as his Objection 1 and, for the same reasons, Objection 4 is also overruled.

OBJECTION 5 – Plaintiff objects to the Magistrate Judge's statement that Plaintiff "does not argue any such exception here." (Doc. No. 31 at 19). In context, the Magistrate Judge stated that once the factors supporting *Younger* abstention have been met, abstention is appropriate unless an exception such as bad faith, harassment, or flagrant unconstitutionality applies. (Doc. No. 31 at 18). Then she stated: "Ingram does not argue any such exception here." (*Id.* at 19). Plaintiff contends that his Complaint is "rife with specific references to the various Defendants' bad faith, harassment, or flagrant unconstitutionality." (Doc. No. 35 at 9).

The *Jones* opinion identifies the three exceptions to the *Younger* doctrine as: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) the challenged statute

---

[10] A state court proceeding remains "pending," for purposes of *Younger* abstention, until a litigant has exhausted his state appellate remedies. *Loch*, 337 F.3d at 578, cited in *D.T. by and through B.K.T. v. Sumner Cty. Schools*, No. 3:18-cv-00388, 2018 WL 1948033, at * 2 (M.D. Tenn. Apr. 25, 2018). Plaintiff did not exhaust his state appellate remedies.

is flagrantly and patently violative of express constitutional prohibition; or (3) there is an extraordinary pressing need for immediate federal equitable relief. *Jones*, 2018 WL 3389730, at * 3. These three exceptions have been interpreted narrowly. *Id*. The burden on the plaintiff is high, and to overcome the bar of *Younger* abstention, a party must set forth more than mere conclusory, non-specific allegations of bad faith or harassment. The allegations must be supported with sufficient evidence, not simply unsupported contentions, to establish that an exception to *Younger* abstention is warranted. *Id.*

Although exceptions 2 and 3 do not apply,[11] Plaintiff's Complaint does set forth facts that, when construed in the light most favorable to Plaintiff, allege bad faith (such as lying) by Defendants. Those alleged bad faith procedural irregularities could have been and were raised at the Chancery Court level, however, and additional proof could have been taken with regard to those allegations, pursuant to Tenn. Code Ann. § 4-5-323(b). Any decision regarding those allegations could have been appealed through the state appellate system. Even if the state administrative proceeding had been motivated by a desire to harass or had been conducted in bad faith, Plaintiff had the opportunity to raise those allegations in the state court system and did not do so.[12] As noted above, a party may not procure federal intervention by forgoing the state appeal to contest the issue in federal court. *Alexander*, 353 F. Supp. 3d at 628.

---

[11] Here, of course, there is no challenged statute; the challenge is to the *actions, inactions and decisions* of the Board. In addition, Plaintiff's objection does not include an allegation about the third exception, and the Court does not find "an extraordinary pressing need for immediate federal equitable relief."

[12] As noted above, Plaintiff has not alleged that the state court has refused or would refuse to consider his constitutional claims, and if he was dissatisfied with the result of the state court's consideration of them (or with the state court's failure to consider them), Plaintiff could have exercised his right to an appeal under Tennessee law. See *Thigpen v. Kane*, No. 3:17-cv-00919, 2017 WL 3868282, at * 3 (M.D. Tenn. Sept. 5, 2017).

Plaintiff's Objection 5 is overruled.

OBJECTION 6 – Plaintiff objects to the Magistrate Judge's statement that none of the federal issues in this action is "collateral" to those in the state proceeding (Doc. No. 31 at 19). The Sixth Circuit has held that *Younger* abstention is inappropriate where the issues raised in the federal lawsuit are "collateral" to the state proceedings; that is, where the plaintiff's claims would not be resolved by the case-in-chief or as an affirmative defense to the state court proceedings. *Am. Family Prepaid*, 498 F.3d at 336 (citing *Habich v. City of Dearborn*, 331 F.3d 524, 531-32 (6th Cir. 2003)). In *Habich*, the court stated that, framed another way, whether an issue is "collateral" is whether the federal plaintiffs have an opportunity to raise their claim in the state proceedings. *Habich*, 331 F.3d at 531.

Plaintiff argues that his federal claims are collateral because they were never litigated in the state court and could not have been appealed because the case was found to be moot. As explained above, however, Plaintiff had an opportunity to raise his federal claims in the state court, and he could have appealed the finding of mootness on the grounds that it did not take into account the non-mootness of his constitutional claims. Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims. *Jones,* 2018 WL 3389730, at * 3 (citing *Am. Family Prepaid*, 498 F.3d at 334). That is not the case here.

Plaintiff's Objection 6 is overruled.

OBJECTION 7 – Plaintiff objects to the Magistrate Judge's statement that Plaintiff's claims for declaratory relief[13] should be dismissed without prejudice because he did not exhaust his state appellate remedies before seeking relief in this Court (Doc. No. 31 at 20). Plaintiff asserts

_____

[13] The Magistrate Judge reviewed Plaintiff's claims for declaratory relief pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction.

that he had no chance to litigate his claims for declaratory relief in Chancery Court and that any appeal from the Chancery Court Order would have been a "bad faith" appeal. He states that there is no basis for dismissal of Plaintiff's declaratory action because the Chancery Court found that his action was moot. Because Plaintiff could have filed an appeal of the state court action, see above, this argument is not persuasive.

Plaintiff also notes that where a plaintiff seeks damages and the court decides to abstain, the most a federal court can do is to *stay* those damages claims until the state court proceeding concludes. Plaintiff's statement is true, as recognized by the Magistrate Judge with regard to Plaintiff's claims for damages and as further explained hereafter. This Objection 7, however, is to a portion of the Report and Recommendation that has to do with declaratory relief, not claims for damages. The Court recognizes that it has the power to *dismiss* claims based upon abstention only where the relief sought is equitable. *Nimer v. Litchfield Township Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013).

Plaintiff's Objection 7 is overruled.

OBJECTION 8 – Plaintiff objects to the Magistrate Judge's statement that all of his constitutional claims should be dismissed. Under *Younger*, the Court may only *stay* (not dismiss)[14] Plaintiff's constitutional claims for money damages pending conclusion of the state court proceedings. *Nimer*, 707 F.3d at 702 (6th Cir. 2013). The Magistrate Judge did not recommend that the Court abstain from litigating Plaintiff's constitutional claims for money damages; rather,

---

[14] When a district court applies the *Younger* doctrine to abstain from adjudicating a claim for money damages, "it must stay the case instead of exercising its discretion in deciding to dismiss the case." *Nimer*, 707 F.3d at 702.

she reviewed those claims pursuant to Fed. R. Civ. P. 12(b)(6) and recommended that they be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 31 at 20-21).[15]

Plaintiff's constitutional claims (First and Second Causes of Action) allege violation of the right to due process of law under the Fifth and Fourteenth Amendments and deprivation of a property right without due process of law in violation of the Fourteenth Amendment. Plaintiff, in his Complaint, does not identify whether these claims are brought under a theory of procedural due process or substantive due process. (Doc. No. 1). Procedural due process ensures that citizens have procedural safeguards prior to the deprivation of rights; substantive due process limits the impingement of certain fundamental rights regardless of process. *Laporte v. City of Nashville*, No. 3:18-cv-00282, 2019 WL 845413, at * 5, n. 12 (M.D. Tenn. Feb. 21, 2019). The Court will first address the Magistrate Judge's analysis of the First Cause of Action, which she characterized as "procedural due process."

Procedural due process protects those life, liberty, or property interests that fall within the Due Process Clause of the Fourteenth Amendment. *Women's Medical Prof. Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). To establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights. *Id*.; *Schmitt v. LaRose,* 933 F.3d 628, 642 (6th Cir. 2019); *Daily Servs., LLC v. Valentino,* 756 F.3d 893, 904 (6th Cir. 2014). Thus, one of the elements Plaintiff must at least allege, for purposes of a

---

[15] When, as here, state court exhaustion is no longer available, courts face the prospect of an "indefinite" stay. *Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d 587, 599 (D. N.J. 2010). In *Major Tours,* the court found *Younger* abstention to be inappropriate for the plaintiff's money damages claim because a stay of those claims would be indefinite.

procedural due process claim, is the inadequacy of state procedural rights for redressing his alleged deprivation of constitutional rights.

Plaintiff contests the Magistrate Judge's statement that because Plaintiff did not plead anything with respect to the adequacy of Tennessee's remedies for redressing his alleged harm, he fails to state a procedural due process claim. (Doc. No. 31 at 23). Plaintiff also asserts that the Magistrate Judge erred in stating that Tennessee law afforded Plaintiff at least one adequate remedy for the conduct at issue in this lawsuit. (Doc. No. 31 at 24).

A plaintiff can prevail on a procedural due process claim by demonstrating that the property deprivation resulted from either: (1) an established state procedure that itself violates due process rights, or (2) a random and unauthorized act causing a loss for which available state remedies would not adequately compensate the plaintiff. *Daily Servs.,* 756 F.3d at 907. Plaintiff's theory is of the latter kind; he alleges the deprivation of a property right (his license) as a result of random and unauthorized acts. Where such random and unauthorized acts allegedly cause a procedural due process deprivation, *post-deprivation* remedies are all the process that is due. *Id.*; *Monce v. Marshall Cty Bd. of Educ.*, 307 F. Supp. 3d 805, 818 (M.D. Tenn. 2018). In such a case, in order to state a procedural due process claim, the plaintiff must allege that those post-deprivation state remedies are not adequate. *Id.* In other words, here, since there are no alleged problems with the state's actual administrative procedures, Plaintiff must show that Defendants' acts taken with regard to him (allegedly in violation of those procedures) caused a loss of a property right without due process for which Plaintiff could not obtain adequate compensation under state law.

Here, Plaintiff had adequate post-deprivation remedies following the allegedly unconstitutional acts of the Board and its members, specifically the Chancery Court judicial review and the corresponding avenues of appeal. Plaintiff partially pursued those remedies three times by

appeal to the Chancery Court, a process that, in the end, led to lifting the suspension of his license. Plaintiff failed to exercise all his rights to appeal, but he has not alleged that those avenues of appeal (part of his post-deprivation remedies) were inadequate. To the extent Plaintiff argues that such an appeal is inadequate because it is decided by the Chancery Court based only on the administrative record, the Court notes again that the Chancery Court reviews constitutional claims *de novo* and may receive additional proof thereon in cases of alleged irregularities in procedure before the agency not shown in the record. Tenn. Code Ann. § 4-5-322(g). Plaintiff has failed to state a claim for violation of procedural due process because he has not alleged inadequate post-deprivation remedies and, even if he had so alleged, the Court finds that his post-deprivation remedies under TUAPA were adequate. Therefore, dismissal of the procedural due process claims is appropriate.

As noted, there is no allegation in Plaintiff's Second Cause of Action that Defendants violated Plaintiff's *substantive* due process rights (Doc. No. 1 at ¶¶ 103-105), although the Magistrate Judge discussed this claim as one involving substantive due process. (Doc. No. 31 at 24-31). Plaintiff's Complaint asserts that Defendants violated the Fourteenth Amendment by depriving him of his medical license without due process of law. (Doc. No. 1 at ¶ 104). To the extent this allegation involves substantive due process, the Magistrate Judge opined that those claims were time-barred.

The statute of limitations for constitutional claims under 28 U.S.C. § 1983 is governed by state law and, in Tennessee, prescribes a limitations period of one year.[16] Tenn. Code Ann. § 28-

---

[16] The statute of limitations for Section 1983 claims is the state statute of limitations applicable to personal injury actions under the law of the state in which the alleged Section 1983 claim arises. *Haley v. Clarksville-Montgomery Cty. School Syst.*, 353 F. Supp. 3d 724, 730 (M.D. Tenn. 2018). In Tennessee, that statute of limitations prescribes a limitations period of one year. Tenn. Code Ann. § 28-3-104(a)(3).

3-104. Although the applicable limitations period is borrowed from state law, the date on which the limitations period begins to run in a Section 1983 action is a question of federal law. *Haley v. Clarksville-Montgomery Cty. School Syst.*, 353 F. Supp. 3d 724, 731 (M.D. Tenn. 2018). The limitations period begins to run when a plaintiff knows or has reason to know of the injury that is the basis of his action. *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 461 (6th Cir. 2016).

The Magistrate Judge opined that Plaintiff's substantive due process claims, based on the Board's refusal to lift the suspension of his medical license, accrued at the end of the Board's November 2009 meeting. This opinion, however, does not take into consideration the TUAPA appeals procedures. Plaintiff appealed the Board's refusal to lift the suspension of his medical license more than once. In 2012, the Chancery Court remanded Plaintiff's appeal to the Board with "strict instructions." Plaintiff requested a hearing, the Board refused, and Plaintiff again appealed to the Chancery Court. (Doc. No. 31 at 4). Moreover, Plaintiff appealed the Board's March 2013 hearing decisions to the Chancery Court. (*Id*. at 5). The Chancery Court ordered the Board to lift the suspension or "immediately reconvene" a contested case panel. (*Id*. at 6). Following more alleged procedural violations, the Board held another hearing and entered another Order. Plaintiff appealed that Order to the Chancery Court. (Doc. No. 30-1 at 4). The appeal was dismissed on September 17, 2018, after the Board lifted the suspension of Plaintiff's medical license. (*Id.*)

Plaintiff alleged constitutional violations in his Chancery Court appeals, and those claims were not dismissed until September 17, 2018. The Court has relied upon the availability of TUAPA post-deprivation remedies to dismiss Plaintiff's procedural due process claims. The Court now likewise relies upon the availability of those remedies (and Plaintiff's use thereof) in analyzing this statute-of-limitations issue. The Chancery Court did not reach a final decision concerning the

alleged due process violations until it denied Plaintiff's motion to amend his Petition for Judicial Review and dismissed Plaintiff's action as moot. (Doc. No. 30-1). And that Order came *after* Plaintiff filed this action. Plaintiff had thirty days to appeal that decision, and he did not. Nevertheless, the September 17, 2018 Chancery Court Order was the final decision on Plaintiff's constitutional claims and, therefore, any alleged deprivation of Plaintiff's constitutional rights was not final until that date. Accordingly, this action was timely filed.

The Sixth Circuit recently dealt with a similar statute-of-limitations issue in *Endres v. Northeast Ohio Med. Univ.*, No. 18-3825, ___ F.3d ___, 2019 WL 4125263 (6th Cir. Aug. 30, 2019). In *Endres*, the court rejected the defendant's argument that Plaintiff's claim accrued when the university's Committee on Academic and Professional Progress ("CAPP") issued its first decision to dismiss Endres as a medical student. *Id*. at * 8. The court held that the defendant's argument ignored the existence of the university's appeals procedure. Endres appealed the first decision, using the university's appeals process, to the Executive Review Committee ("ERC"). The ERC held that Endres could have a rehearing before the CAPP, which held a second hearing. Following the second hearing, the CAPP ordered that Endres be dismissed from the university. *Id*. at ** 4-5. Noting that the ERC gave Endres a "second chance" to defend himself against allegations of misconduct, the court held that Endres' time did not begin to run until the final, non-appealable decision, after the second CAPP hearing, to dismiss him. *Id*. at * 8 and *10.

Similarly here, the Court finds that Plaintiff's constitutional claims did not accrue and his time begin to run until the Chancery Court decision on September 17, 2018. That does not end the analysis, however. The Court must determine, under Fed. R. Civ. P. 12(b)(6), whether Plaintiff has stated a claim for violation of his substantive due process rights.

Substantive due process protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action. *Koenigs, LLC v. City of Savannah, Tenn.*, No. 1:17-cv-01109, 2019 WL 1186863, at * 2 (W.D. Tenn. Mar. 13, 2019). The substantive due process component of the Fourteenth Amendment has been defined as the doctrine that governmental deprivations of life, liberty, or property are subject to limitations regardless of the adequacy of the procedures employed. *Laporte*, 2019 WL 845413, at * 5, n. 12.

The interests protected by substantive due process are much narrower than those protected by procedural due process. *Bell v. Ohio State Univ.*, 351 F.3d 240, 249-50 (6th Cir. 2003). Interests protected by substantive due process include those protected by specific constitutional guarantees and certain interests that the Supreme Court has found so rooted in the traditions and conscience of our people as to be fundamental. *Id.* at 250 (identifying, among others, rights to marry, to have children, to marital privacy, to use contraception, to bodily integrity, and to abortion). To qualify as a "fundamental right" protected by substantive due process, the rights must be "deeply rooted in this Nation's history and tradition" or "implicit in the concept of ordered liberty" such that "neither liberty nor justice would exist if they were sacrificed." *Kadura v. Lynch*, Civil Case No. 14-13128, 2017 WL 914249, at * 8 (E.D. Mich. Mar. 8, 2017) (quoting *Does v. Munoz*, 507 F.3d 961, 964 (6th Cir. 2007)). In *Kadura*, the court found that the plaintiffs had not sufficiently alleged that freedom of movement was a protected interest for substantive due process purposes. *Id.*

In *Bell*, the court found there was no basis for finding that a medical student's interest in continuing her medical school education was protected by substantive due process. *Bell*, 351 F.3d at 251. In *Benjamin v. Brachman*, 246 F. App'x 905 (6th Cir. 2007), a case involving the plaintiff's loss of medical privileges at a particular university hospital, the court distinguished the case before it from those cases involving far-reaching bans on entering into or practicing a profession, bans

that amount to the complete denial of the choice of one's career. *Id.* at 919. The court found the plaintiff's case to be different because he was not barred from practicing medicine generally. *Id.*

Not all property interests that create procedural due process protections necessarily create substantive due process rights. *In re: City of Detroit, Mich.*, 841 F.3d 684, 699 (6th Cir. 2016). The list of "fundamental rights" protected by substantive due process is short and seldom expanded. *Id.* at 700. "Rights derived from state law, as opposed to the constitution, usually do not make the cut." *Id.* "Most state-created rights that qualify for procedural due process protections do not rise to the level of substantive due process protections." *Id.*; *Range v. Douglas,* 763 F.3d 573, 588, n. 6 (6th Cir. 2014); *Boulevard & Trumbull v. City of Detroit*, Case No. 17-12446, 2019 WL 2266675, at * 6 (E.D. Mich. May 28, 2019).[17]

Here, Plaintiff's claimed property interest is in his Tennessee medical license. That license is given to physicians by the State of Tennessee. Suspension of that license did not deprive Plaintiff of a career; it temporarily restricted his career in the State of Tennessee only. Under these circumstances, the Court finds that Plaintiff's state-created property interest in his Tennessee medical license does not arise to the level of a "fundamental" right protected by substantive due process. It is clear that Plaintiff's Second Cause of Action, which does not sound in substantive

---

[17] Other courts have held that an allegation predicated on the denial of a state-defined property right does not state a viable substantive due process claim. *Sharma v. Johnston*, No. 10-21560-Civ, 2010 WL 5579885, at * 13, n. 15 (S.D. Fla. Dec. 13, 2010) (citing cases). "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty." *Id.*; *see also Greenbriar Village, LLC v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (substantive due process protects fundamental rights created by the Constitution but not state-created property interests). The general idea seems to be that if the state creates the property interest in the first place, then it constitutionally can abridge that property interest. Thus, any such abridgement does not violate substantive due process.

due process, sounds instead in procedural due process. He is not claiming the State cannot take away his right to a medical license; he is claiming that there was something wrong with the process whereby that right was taken away. This is a claim of the violation of procedural due process only.[18]

Plaintiff's Second Cause of Action, therefore, does not state a claim for violation of substantive due process.

As *procedural* due process claims, the claims in the Second Cause of Action are subject to dismissal for failure to state a claim for the same reasons, discussed above, that the procedural due process claims in the First Cause of Action are subject to dismissal.

Objection 8 is overruled.

OBJECTION 9 – Plaintiff objects to the Magistrate Judge's "indication" that his only due process claim is contained in paragraph 104 of the Complaint. Plaintiff also objects to any

---

[18] The Magistrate Judge saw it differently, construing Plaintiff's Second Cause of Action as claiming a substantive due process violation (and then finding that such claim failed). The undersigned does not fault the Magistrate Judge for this, even if the undersigned's view is more apt. In the past, the undersigned has specifically noted, albeit in a different context, that "distinguishing between procedural due process and substantive due process . . . is somewhat tricky." Eli J. Richardson, *Eliminating Double-Talk from the Law of Double Jeopardy*, 22 Fla. St. U. L. Rev. 119, 161–62 (1994). Attempting to articulate the important but somewhat opaque difference, the undersigned described it in several different ways, including as follows: "[A] procedural due process violation occurs when the government could deprive a person of a protectable interest under constitutionally acceptable criteria, but fails to provide procedures adequate for making a sufficiently accurate determination as to whether the criteria actually apply to that person. A substantive due process violation occurs when the government deprives a person of a protectable interest, but under unconstitutional criteria." *Id.* at 163. Under this characterization also, Plaintiff's Second Cause of Action is one for a violation of procedural due process, since Plaintiff does not dispute that the state could have taken away his interest in a medical license under the then-existing criteria for the loss of a medical license, so long as the state did so under procedures adequate for determining that the criteria for losing a medical license had been satisfied in his case; it is not one for violation of substantive due process, because Plaintiff does not challenge the criteria for taking away his interest in the medical license.

indication in the Report and Recommendation that his substantive due process claim is limited to actions taken in 2009. He contends that the offending actions continued through the spring and summer of 2017 and asserts that he did not intend to limit his due process and Section 1983 claims to actions taken in 2009. This Objection relates to the Magistrate Judge's opinion about the statute of limitations and alleged substantive due process claims. Because the Court is not relying upon that opinion, Objection 9 is overruled as moot.

OBJECTION 10 – Plaintiff objects to the Magistrate Judge's statements that (1) there is a serious question as to whether any of the defendants, acting only in their individual capacities, could have caused the harm that Plaintiff alleges and (2) it is even harder to imagine how any of the non-Board-member defendants could have caused Plaintiff's alleged injury (Doc. No. 31 at 25). These statements by the Magistrate Judge are not the basis for any opinion by her and are not relied upon by the Court herein. These statements are really just observations, and they do not form the basis for any decision by the Magistrate Judge or the undersigned.

Plaintiff also objects to the Magistrate Judge's statement that the deprivation of his property interest in reinstatement of his license was "fully effectuated" at the Board's 2009 meeting, at which point Plaintiff knew of the injury which forms the basis of his claims (Doc. No. 31 at 26). This argument also addresses the Magistrate Judge's opinion that Plaintiff's substantive due process claims are time-barred. Because the Court is not relying upon or adopting the Magistrate Judge's statute of limitations recommendation, Objection 10 is overruled as moot.

OBJECTION 11 – Plaintiff takes issue with the Magistrate Judge's opinions that "the bulk of [his] Section 1983 claims are time-barred." (Doc. No. 31 at 25-28). The Court is not relying upon this statement by the Magistrate Judge. For the same reasons as the Court's response to Objection 10, this Objection is also moot.

OBJECTION 12 – Plaintiff challenges the Magistrate Judge's indication that the only due process 1983 claims alleged against Defendants Huddleston, Zanolli, and Saunders are that they unlawfully refused to lift the suspension of Plaintiff's license (Doc. No. 31 at 29). The cited language does not say that these are the *only* due process Section 1983 claims against these Defendants. (*Id*.) The Court has considered the due process claims in both the First and the Second Cause of Action.

Plaintiff also contends that the Magistrate Judge was incorrect in stating that only the Board could reinstate Plaintiff's license (Doc. No. 31 at 29). The Court notes that the Board allegedly delegated responsibility for lifting the suspension, upon Plaintiff's successful completion of the approved requirements, to its Medical Director (Doc. No. 17-1 at ¶¶ 11-12). The Court does not find this statement of the Magistrate Judge to be incorrect because the Board dictated exactly what must take place before the suspension of Plaintiff's license would be lifted, effectively making it a decision by the Board. (*Id*.) In any event, the Court has not relied upon this statement and, therefore, Objection 12 is overruled as moot.

OBJECTION 13 – Plaintiff objects to the Magistrate Judge's statement that Plaintiff did not allege that a substantive due process violation occurred within the twelve-month period preceding the filing of his complaint in this case. (Doc. No. 31 at 29). Again, the Court is not relying upon the statute of limitations findings of the Magistrate Judge and, therefore, this Objection 13 is moot.

OBJECTION 14 – Plaintiff objects to the Magistrate Judge's analysis of when Plaintiff's damages began to accrue (Doc. No. 31 at 30). This statement pertains to a statute of limitations analysis and is therefore not relied upon by the Court. Objection 14 is moot.

OBJECTION 15 – Plaintiff argues that the Magistrate Judge erred in stating that "it would be inappropriate for the Court to equitably toll his time-barred claim." (Doc. No. 31 at 30). Equitable tolling relates to the statute-of-limitations arguments and is not relevant to the Court's analysis herein, so Objection 15 is moot.

OBJECTION 16 – Plaintiff objects to the Magistrate Judge's statements (1) that the operative complaint is inadequate to establish that the amount in controversy exceeds $75,000 and that the parties are diverse, and (2) that this inadequacy indicates that the state law claims are appropriately dismissed from this Court. (Doc. No. 31 at 32).

Plaintiff contends that the adequacy of pleading diversity jurisdiction is relevant only if the Court dismisses his federal question claims. Therefore, he argues that at the time of the Complaint, he had no reason to plead the elements of diversity jurisdiction or to assert diversity jurisdiction at all. Plaintiff also argues that the current Complaint adequately shows that none of the current Defendants is a resident of the State of California, as he is.

Plaintiff's Complaint alleges original jurisdiction in this Court based upon federal questions, pursuant to 28 U.S.C. § 1331 and 1343. (Doc. No. 1, ¶ 6). As indicated above, all claims based on such original jurisdiction will be dismissed. If all claims over which the Court had original jurisdiction are dismissed, the Court may, in its discretion, dismiss the supplemental state law claims pursuant to 28 U.S.C. § 1367.[19] The Court is generally inclined to refuse to exercise supplemental jurisdiction over a plaintiff's state law claims under these circumstances. *Wachter, Inc. v. Cabling Innovations, LLC*, 387 F. Supp. 3d 830, 843 (M.D. Tenn. 2019); *Musson*

---

[19] The Court has discretion "over whether to welcome the other claims that rest on state law into federal court under § 1367." *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1019 (6th Cir. 2018) (citing 28 U.S.C. § 1367); *Wiesmueller v. Oliver*, Case No. 3:18-cv-01257, 2019 WL 2501561, at * 7 (M.D. Tenn. June 17, 2019).

*Theatrical, Inc. v. Fed. Express Corp.,* 89 F. 3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."). Therefore, the Magistrate Judge correctly recommended that the Court exercise its discretion to dismiss Plaintiff's state law claims. Plaintiff's Objection 16 is overruled.

Nonetheless, under these circumstances and based on Plaintiff's valid concerns underlying this Objection, the Court will give Plaintiff an opportunity to assert diversity jurisdiction. The Court is inclined to consider whether these claims are properly cognizable based on diversity jurisdiction.

Therefore, Plaintiff's state law claims will be dismissed without prejudice to Plaintiff's seeking leave, by October 15, 2019, to amend his Complaint to assert diversity jurisdiction, if appropriate.

## CONCLUSION

For these reasons, the Objections of the Plaintiff, other than his Objection 16 about alleging diversity jurisdiction, are overruled, and the Report and Recommendation of the Magistrate Judge is **ADOPTED and APPROVED in part and MODIFIED in part**. Defendants' Motion to Dismiss (Doc. No. 17) is **GRANTED**. Plaintiff's claims for declaratory relief and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's Section 1983 claims are **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE